Sharon D. Cousineau
Samwel Cousineau, PC
4410 NE 40th Avenue
Vancouver, WA 98661
sdcousineau@gmail.com
971-207-5140
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| NICHOLAS KRIEGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| COLUMBIA DEBT RECOVERY, LLC d/b/a Genesis d/b/a Genesis Credit, | ) ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, NICHOLAS KRIEGER ("Plaintiff"), by and through his undersigned attorney, alleges the following against Defendant, COLUMBIA DEBT RECOVERY, LLC d/b/a Genesis d/b/a Genesis Credit ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Oregon Unlawful Debt Collection Practices Act, ORS 646.639 ("OUDCPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim contained within because it is so related to the claim in the action within such original jurisdiction that it forms part of the same case or controversy.

7. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

8. Plaintiff is a natural person residing in the City of Lake Oswego, Clackamas County, State of Oregon.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

11. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff is, and at all times mentioned herein, a person as defined by 47 U.S.C. § 153(39).

13. Defendant is, and at all times mentioned herein, a person as defined by 47 U.S.C. § 153(39).

14. Plaintiff is a consumer as that term is defined by ORS 646.639(1)(b).

15. Plaintiff allegedly owes a debt as that term is defined by ORS 646.639(1)(f).

16. Defendant is a debt collector as that term is defined by ORS 646.639(1)(h).

17. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

18. Defendant is an Illinois limited liability company and debt collection agency headquartered in the City of Everett, Snohomish County, State of Washington.

19. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

20. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

21. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

22. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

23. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

24. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

25. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid account with Parkridge Apartments.

26. The alleged debt at issue arises from transactions for personal, family, and household purposes.

27. In or around August 2023, Defendant began attempting to collect the alleged debt by placing collection calls to Plaintiff on his cellphone number at xxx-xxx-8458.

28. Defendant calls Plaintiff from, at least, the following phone numbers, which are some of the phone numbers belonging to Defendant: 203-533-0839; 203-547-0129; 203-533-0865; 203-533-0863; 205-533-0859; 203-533-0837; 425-476-2833; and 425-476-3148.

29. Defendant has not received anything in writing from Defendant.

30. In or around September 2023, Plaintiff spoke to one of Defendant's collectors.

31. During the above-referenced conversation:

    a. Defendant's collector attempted to collect the alleged debt from Plaintiff;

    b. Plaintiff disputed owing the alleged debt; and

    c. Plaintiff requested written validation of the alleged debt.

32. On or around September 20, 2023, Plaintiff sent a written cease and desist letter to Defendant, which also disputed the alleged debt and requested they provide written validation of the alleged debt.

33. Plaintiff's letter was sent via certified mail and was confirmed delivered to Defendant on or about September 25, 2023.

34. Despite Plaintiff's requests, Defendant did not send any written validation of the alleged debt or any written correspondence to Plaintiff.

35. Despite Plaintiff's disputes of the alleged debt, Defendant continued to attempt to collect the alleged debt.

36. Despite Plaintiff's letter, Defendant continued to place collection calls to Plaintiff.

37. Defendant placed calls to Plaintiff's phone on, at least, the following dates:

    a. September 29, 2023;

    b. December 1, 2023;

    c. February 7, 22, and 28, 2024; and

  d. March 4, 7, 11, and 12, 2024.

38. Defendant's above-referenced actions were calculated to embarrass, frighten, and coerce Plaintiff into payment of the alleged debt.

39. The natural consequences of Defendant's collector's actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owed.

40. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

41. The natural consequences of Defendant's collectors' actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

42. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

43. Defendant's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

44. Defendant's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to his legally protected interest of his individual privacy.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45. Defendant violated the FDCPA based on the following:

  a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant continued to place collection calls and leave voicemail messages on Plaintiff's phone despite his requests for them to stop calling him, and when Defendant did not respond to Plaintiff's disputes or

      requests for validation of the alleged debt;

b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity after Plaintiff disputed the debt and despite Plaintiff's requests for Defendant to stop calling him, and that Defendant was permitted to not provide the requested validation to Plaintiff in writing after his oral or his written request;

d. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Defendant did not provide any written validation of the alleged debt to Plaintiff despite his requests yet continued to call him in their attempts to collect an alleged debt, and when they called Plaintiff regarding a debt he did not owe;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant did not provide any written correspondence to Plaintiff prior to calling him, when Defendant did not provide the written validation of the alleged debt after Plaintiff requested it, when Defendant continued to call Plaintiff in attempts to collect the alleged debt after his oral and written requests to stop calling, and when Defendant continued to attempt to collect a debt Plaintiff did not owe;

f.  Defendant violated § 1692g of the FDCPA by failing to send written notice pursuant to 1692g(a);

g.  Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant continued with its attempts to collect the alleged debt despite Plaintiff's disputes of the alleged debt;

h.  Defendant violated § 1692g(b) of the FDCPA by continuing to attempt to collect the alleged debt despite received a written notice from Plaintiff that the debt is disputed, and by failing to verify the debt and/or failing to mail said verification to Plaintiff;

i.  Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant ignored Plaintiff's disputes of the alleged debt and pressed forward with its collection efforts;

j.  Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, NICHOLAS KRIEGER, respectfully requests judgment be entered against Defendant, COLUMBIA DEBT RECOVERY, LLC d/b/a Genesis d/b/a Genesis Credit, for the following:

46. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

47. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

48. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE OREGON UNLAWFUL DEBT COLLECTION PRACTICES ACT

49. Defendant violated the OUDCPA based on the following:

   a. Defendant violated 646.639(2)(e) of the OUDCPA by communicating with a debtor or any member of the debtor's family repeatedly or continuously or at times known to be inconvenient to the debtor or any member of the debtor's family and with intent to harass or annoy the debtor or any member of the debtor's family when Defendant continued to communicate with Plaintiff despite Plaintiff's dispute of the alleged debt and despite Plaintiff's requests for the calls and voicemail messages to cease;

   b. Defendant violated 646.639(2)(k) of the OUDCPA by attempts or threatens to enforce a right or remedy while knowing or having reason to know that the right or remedy does not exist or threatens to take any action that the debt collector in the regular course of business does not take when Defendant attempted to collect a debt Plaintiff does not owe; and

   c. Defendant violated 646.639(4)(d) of the OUDCPA by collecting or attempting to collect a debt before providing, in response to a debtor's request, the documents required under paragraph 646.639(4)(b).

WHEREFORE, Plaintiff, NICHOLAS KRIEGER, respectfully requests judgment be entered against Defendant, COLUMBIA DEBT RECOVERY, LLC d/b/a Genesis d/b/a Genesis

Credit, for the following:

50. Statutory damages of $200.00 pursuant to the Oregon Unlawful Debt Collection Practices Act, 646.638(1);

51. Costs and reasonable attorneys' fees pursuant to the Oregon Unlawful Debt Collection Practices Act, 646.638(3); and

52. Any other relief that this Honorable Court deems appropriate.

DATED:  September 18, 2024

Respectfully submitted,

By: /s/Sharon D. Cousineau
Sharon D. Cousineau
Samwel Cousineau, PC
4410 NE 40th Avenue
Vancouver, WA 98661
sdcousineau@gmail.com
971-207-5140
Attorney for Plaintiff